IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| vs. | ) | Criminal No. 9:23-833-RMG |
| | ) | |
| Peter J. Strauss, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |
| _____ | ) | |

Defendant has moved before the Court to stay his sentencing hearing, scheduled for March 29, 2024, because he has filed a writ of mandamus with the Fourth Circuit Court of Appeals seeking to require the disqualification of this Court as his sentencing judge. (Dkt. No. 47). The Government has filed a response, and Defendant has filed a reply. (Dkt. Nos. 50, 51).

By way of background, Defendant, a licensed attorney, pled guilty before this Court on November 6, 2023 to Aiding and Abetting Removal of Property to Prevent Seizure. On December 6, 2023, Defendant moved to disqualify the Court on the basis of the Court handling an earlier, related civil matter involving an effort by an investor to retrieve funds allegedly stolen by a client of Defendant that was transferred to third parties after being deposited in Defendant's law firm trust account. (Dkt. No. 26). The Court denied the motion to recuse on December 11, 2023, addressing in detail issues raised in Defendant's motion. (Dkt. No. 32). Defendant filed a petition for a writ of mandamus with the Fourth Circuit on December 28, 2023 seeking to require the recusal of the Court. (Appeal No. 23-2312).

The handling of Defendant's pending criminal case has proceeded in a routine manner. Defendant sought authorization to travel to Mexico on vacation on December 19, 2023, and the Court granted the motion that same day. (Dkt. Nos. 34, 36). Defendant's Presentence Report was

1

filed by Probation on February 29, 2024, and Defendant's sentencing hearing was scheduled for March 29, 2024. (Dkt. No. 45, 46). Defendant then moved to have the Court stay the sentencing hearing pending action on his petition for a writ of mandamus. (Dkt. No. 47).

It is well settled that mandamus is a" drastic" remedy "to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court for Northern Dist. Of California*, 426 U.S. 394, 402 (1976). "[O]nly exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy." *Id*., *quoting Will v. United States*, 389 U.S. 90, 95 (1967). The Fourth Circuit has observed that mandamus "may never be employed as a substitute for appeal in derogation of . . . clear policies" favoring delay of review until final judgment." *United States v. Moussaoui*, 333 F.3d 509, 517 (4th Cir. 2003), *quoting Will* at 95. Further, "the petitioner bears the burden of showing that [his] right to issuance of the writ is clear and indisputable." *Moussaoui*, at 517, *quoting Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953).

A court should consider the following factors in addressing a motion to stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Kken v. Holder*, 556 U.S. 418, 425-426 (2009).

After carefully weighing the *Nken* factors, the Court denies Defendant's motion to stay. The Court finds that Defendant has not shown a strong likelihood of success on either his petition for a writ of mandamus or on his efforts to compel the recusal of this Court. The conducting of the Defendant's sentencing hearing would cause him no irreparable harm since he would have available the right to appeal any decision of this Court relating to his sentencing. The other party to this proceeding, the Government, would not suffer any injury by a grant of the stay. The public

interest lies in the routine handling of criminal proceedings, including the normal handling of sentencing proceedings after a Defendant has pled guilty to a federal crime. In short, the Court finds that Defendant has failed to carry his burden of demonstrating the need for a stay of these proceedings.

The Court does find it appropriate, however, to reschedule the sentencing hearing, presently set for March 29, 2024, to April 29, 2024, to afford the Court's colleagues on the Fourth Circuit adequate time to address Defendant's pending petition for a writ of mandamus and the parties sufficient notice to prepare for the sentencing hearing. The Court finds the brief continuance of the sentencing hearing to be in the interest of justice and outweighs the interests of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

## Conclusion

Defendant's motion for a stay is **DENIED**. (Dkt. No. 47). The Court has rescheduled the sentencing hearing in this matter to April 29, 2024. The parties are directed to update the Fourth Circuit on the date of Defendant's sentencing hearing.

**AND IT IS SO ORDERED**.

    s/ Richard Mark Gergel
    Richard Mark Gergel
    United States District Judge

March 12, 2024
Charleston, South Carolina